United States District Court
Southern District of Texas

**ENTERED**

October 28, 2020

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC HUNTER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No.: 4:19-cv-2521** |
| | § | |
| CITY OF HOUSTON, TEXAS, | § | |
| STATE OF TEXAS, and | § | |
| INDIVIDUALLY, MATTHEW | § | |
| SINGER, UVAL VANUNU, CARLOS | § | |
| BENAVIDES and G.E. REUTHER, | § | |
|     Defendants. | § | |

## ORDER OF PARTIAL DISMISSAL

On this day, the Court considered the Joint Partial Motion to Dismiss in the above entitled and numbered cause. After reviewing the pleadings, the Court is of the opinion that said motion should be GRANTED.

IT IS THEREFORE, ORDERED that the following claims are dismissed, with prejudice:

(a)    Plaintiff's malicious prosecution claim under §1983 against City Defendants.

(b)    Any claim against Houston Police Department relating to the events at issue in this lawsuit because Houston Police Department is not a party.

(c)    Any claim against Chief Acevedo relating to the events at issue in this lawsuit because Chief Acevedo is not a party.

(d)    Plaintiff's claim for punitive damages against Defendant City of Houston.

(e)    Plaintiff's 14th Amendment Equal Protection claim against Defendant City of Houston.

(f)     All his state law claims for false arrest, false imprisonment, intentional infliction of emotional distress, assault and battery, and malicious prosecution against City Defendants.

(g)     There is no viable cause of action under Section 56.02(9), Texas Code of Criminal Procedure, and Section 39.03, Texas Penal Code against City Defendants City relating to the events at issue in this lawsuit.

(h)     There is no viable cause of action for "failure to adopt a policy" against Defendant City of Houston relating to the events at issue in this lawsuit.

IT IS FURTHER ORDERED that the above claims against Defendants City of Houston, Matthew Singer and G.E. Reuther are dismissed with prejudice to the rights of Plaintiff to re-file, with court costs taxed against the party by whom incurred.

SIGNED and ENTERED on October 28, 2020.


_____
HONORABLE CHARLES ESKRIDGE
U.S. Southern District of Texas, Houston

2