United States District Court
Southern District of Texas
**ENTERED**
March 30, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ERIC HUNTER, Plaintiff, | § § § § | CIVIL ACTION NO. 4:19-cv-02521 |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| CITY OF HOUSTON, *et al*, Defendants. | § § | |

**ORDER GRANTING SUMMARY JUDGMENT**

The motion for summary judgment by Defendant Uval Vanunu is deemed to be unopposed for failure by Plaintiff Eric Hunter to timely respond. As such, it is granted. Dkt 38.

This civil rights lawsuit involves claims brought by Hunter following incidents that occurred upon the repossession of his car. See Dkt 18. He sues the City of Houston along with Officer Matthew Singer and Sergeant G.E. Reuther of the Houston Police Department, alleging several constitutional violations. He also brings tort claims against 3B Auto Sales (the owner of the towed car), Carlos Benavides (a 3B employee), and Vanunu (the owner of the dealership).

Hunter brings claims against Vanunu for false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, breach of contract, tortious interference with contract, and wrongful repossession. Vanunu moved for summary judgment. Dkt 38. Hunter filed a motion to extend his response deadline, which was granted. Dkts 41, 47. But he failed to respond by the extended deadline. Hunter reasserted his request for extension two months later, which was denied. Dkts 70, 76.

The motion for summary judgment by Vanunu is deemed unopposed due to Hunter's failure to respond. See Rule 7.4, Local Rules of the United States District Court for the Southern

District of Texas.

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the moving party establishes that it's entitled to judgment as a matter of law because no genuine dispute exists as to any material fact. See *Trent v Wade*, 776 F3d 368, 376 (5th Cir 2015). For issues on which the movant bears the burden of proof at trial, that standard isn't automatically met simply because the nonmovant fails to file a response. See *Jackson v Sheriff of Ellis County*, 2001 WL 1149102, *4 (ND Tex), citing *John v Louisiana*, 757 F2d 698, 707–08 (5th Cir 1985). Instead, the movant still has the initial burden to offer evidence demonstrating the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015) (citation omitted). But the court may accept any submitted facts as undisputed because the motion is unopposed. *Eversley v MBank Dallas*, 843 F2d 172, 174 (5th Cir 1988) (citations omitted). And summary judgment must be entered against a nonresponding party where the movant discharges its initial burden. See *Jackson*, 2001 WL 1149102 at *4, citing *Topalian v Ehrman*, 954 F2d 1125, 1132 (5th Cir 1992).

By contrast, the initial burden of production rests with the nonmovant for issues on which that party bears the burden of proof at trial. See *Nola Spice*, 783 F3d at 536, quoting *Transamerica Insurance Co v Avernell*, 66 F3d 715, 718–19 (5th Cir 1995, *per curiam*). For this reason, summary judgment must be entered against a nonresponding party on such issues when he fails to file a substantive response. See *Vedol v Jacobs Entertainment, Inc*, 436 F Appx 409, 410 (5th Cir 2011, *per curiam*), quoting *Celotex Corp v Catrett*, 477 US 317, 324 (1986).

Vanunu moves for summary judgment on each of Hunter's claims. Dkt 38 at 4–10. He essentially brings a no-evidence motion, arguing in particular that:

- o *As to false arrest and false imprisonment,* there's no evidence that he detained Hunter or requested Hunter's detention by officers of the Houston Police Department. Dkt 38 at 4–5.

- o *As to intentional infliction of emotional distress,* there's no evidence that any actions by him were intentional,

- or that they constituted extreme and outrageous conduct. Id at 5–6.
  - o *As to assault and battery,* to the extent Hunter brings such claims against him, there's no evidence that any actions by him were intentional, or that they inflicted or threatened imminent bodily harm. Id at 6.
  - o *As to malicious prosecution,* there's no evidence that he initiated or sought Hunter's prosecution or that he had any influence over such decision. Id at 6–7.
  - o *As to breach of contract,* there's no evidence of a valid contract between himself and Hunter. Id at 7.
  - o *As to tortious interference with contract,* as a 3B agent, he can't be liable for interference with a contract to which his principal is a party absent an independent, personal stake in the outcome, and there's no evidence of such personal stake. Id at 8.
  - o *As to wrongful repossession,* Hunter defaulted on his loan, and there's no evidence to the contrary or to support his argument that the repossession was conducted in violation of Texas law. Id at 9–10.

Hunter bears the burden of proof as to the vast majority of all aspects of his claims. To the extent he doesn't, Vanunu has discharged his initial burden to offer evidence demonstrating the absence of a genuine issue of material fact. It was Hunter's burden, then, to offer summary judgment evidence sufficient to establish a genuine dispute as to any issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536 (citations omitted). But he failed to respond and so offered no evidence in support of his claims. *Vedol*, 436 F Appx at 410 (quotation omitted). Summary judgment is warranted on that basis.

The motion for summary judgment by Defendant Uval Vanunu is GRANTED. Dkt 38.

The claims asserted by Plaintiff Eric Hunter against him are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on March 30, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge